|  |  |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE | |

UNITED STATES OF AMERICA,

Plaintiff,

v.

$15,550.50 IN UNITED STATES FUNDS SEIZED FROM CITIBANK ACCOUNT ENDING IN -9724, AND ANY ACCRUED INTEREST,

$13,791.04 IN UNITED STATES FUNDS SEIZED FROM BANK OF AMERICA ACCOUNT ENDING IN -8376, AND ANY ACCRUED INTEREST,

and,

$583.13 IN UNITED STATES FUNDS SEIZED FROM WELLS FARGO BANK ACCOUNT ENDING IN -4200, AND ANY ACCRUED INTEREST,

Defendants.

NO. CV21-1625

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

//

Verified Complaint for Forfeiture *in Rem* - 1
*United States v. $15,550.50 in U.S. Funds and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

COMES NOW the United States, by and through its undersigned counsel, and alleges:

## I. NATURE OF THE ACTION

1. This is a civil *in rem* action for the forfeiture of the following property (collectively, "Defendant Funds") seized by the Federal Bureau of Investigation ("FBI"):

   a. $15,550.50 in United States funds seized from Citibank account ending in **-9724**, held in the name of C.H., and any accrued interest;

   b. $13,791.04 in United States funds seized from Bank of America account ending in **-8376**, held in the name of C.H., and any accrued interest; and

   c. $583.13 in United States funds seized from Wells Fargo Bank account ending in **-4200**, held in the name of C.H., and any accrued interest.

## II. LEGAL BASIS FOR FORFEITURE

2. The Defendant Funds are forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) for violations of 18 U.S.C. §§ 1343 (wire fraud), 1956(a)(1)(B)(i) (money laundering), and 1956(h) (money laundering conspiracy). Specifically, counsel for the United States has a reasonable belief the government will be able to prove, to a preponderance at trial, that the Defendant Funds represent proceeds from the commission of wire fraud and/or property involved in the commission of money laundering and/or a conspiracy to commit money laundering.

3. The Defendant Funds are also forfeitable pursuant to 18 U.S.C. § 984 because they constitute funds deposited in an account in a financial institution, which are identical to, and found in the same account as, the property involved in the offense that is the basis for the forfeiture, and because the United States has commenced this action within one year of the offense giving rise to forfeiture.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 (United States is plaintiff) and 1355(a) (action for forfeiture).

Verified Complaint for Forfeiture *in Rem* - 2
*United States v. $15,550.50 in U.S. Funds and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts giving rise to the forfeiture occurred in this district).

6. FBI took custody of the Defendant Funds pursuant to seizure warrants issued in the Western District of Washington under the following cause numbers: MC21- 05014-DWC, MC21-05013-DWC, and MC21-05016-DWC, executed on May 26 and 27, 2021. The funds remain in FBI's custody.

7. As provided in Supplemental Rule G(3)(b)(i), the Clerk of Court is required to issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control. As such, the Court will have *in rem* jurisdiction over the Defendant Funds when the accompanying Warrant of Arrest *in Rem* is issued, executed, and returned to the Court.

### IV. FACTUAL BASIS FOR FORFEITURE

**A. Underlying Specified Unlawful Activity**

8. In May of 2021, victims R.S. and J.S. (collectively, the "Victims"), residents of Puyallup, Washington, in the Western District of Washington, were preparing to close on a home purchase.

9. On May 18, 2021, the Victims received an email from a sender they believed to be affiliated with the title company they were using in the transaction. The email contained wiring instructions and directed the Victims to wire $358,136.74 to Chase bank account ending in **-5537**, in the name of R.C., a resident of Eunice, New Mexico. The Victims took the wire instructions to their credit union and processed the transfer. The credit union sent the funds that day.

10. After further discussion with the title company, the Victims learned that R.C. was not affiliated with the title company, and that the Victims had been targets of wire fraud. The Victims contacted FBI on May 21, 2020, to report the crime.

**B. The Money Laundering Conspiracy**

11. FBI interviewed the Victims and then contacted an investigator with Chase Bank. The investigator advised FBI that R.C. had used the funds to purchase 12 cashier's

Verified Complaint for Forfeiture *in Rem* - 3
*United States v. $15,550.50 in U.S. Funds and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

checks. Two of the checks—one in the amount of $30,000 and one in the amount of $20,000—were deposited into Wells Fargo account ending in **-4200**, held in the name of C.H. with an associated address in League City, Texas.

12. FBI interviewed R.C. on May 21 and May 22, 2021. R.C. explained that he had been assisting someone named Francis, a Florida resident, with the transfer of money for several years. R.C. further explained that he was promised $3 million dollars for his assistance with wiring funds to others. R.C. claimed to have lost approximately $70,000 of his personal funds to the same activity. R.C. admitted that he has, at times, kept for himself small amounts of the money he received as part of the money transfers.

13. After FBI advised R.C. regarding money laundering statutes and money mule activity, R.C. agreed to cooperate with the investigation. R.C. surrendered his phone and approximately $4,400 cash he had withdrawn with the intention of purchasing prepaid credit cards. He also provided copies of several cashier's checks he had purchased with the Victims' money.

14. FBI then contacted Wells Fargo at one of its branches regarding the $50,000 deposited into account ending in **-4200**. On May 21, 2020, Wells Fargo advised that approximately $20,000 remained in the account; approximately $13,900 had been transferred to Bank of America account ending in **-8376**; and $10,000 had been transferred to Citibank account ending in **-9724**, both held in C.H.'s name.

15. FBI contacted the residents of the address associated with Wells Fargo account ending in **-4200**, who are relatives of C.H. During the interview, C.H.'s relatives made the following assertions:

    a. C.H. is currently living in Venezuela;

    b. C.H. received $50,000 in exchange for the sale of bitcoin to LocalBitcoins[1] user Malinda101;

---

[1] LocalBitcoins is a peer-to-peer bitcoin marketplace based in Helsinki, Finland.

Verified Complaint for Forfeiture *in Rem* - 4
*United States v. $15,550.50 in U.S. Funds and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   c. C.H. had previously engaged in several transactions with Malinda101; in payment for the bitcoin, Malinda101 provided images of two cashier's checks bearing the remitter name "R.C.": one for $30,000 and another for $20,000;

   d. C.H. accepted the transaction, and the checks were deposited automatically into his bank account via LocalBitcoins;

   e. once C.H. received the funds and accepted the transaction, he had 48 hours to release the bitcoin to Malinda101;

   f. prior to accepting the transaction, C.H. did not have enough bitcoin to complete the transaction, so he used the $50,000 he had received to purchase Tether coin using Binance, a cryptocurrency exchange; and

   g. C.H. converted the Tether coin to bitcoin, combined it with some bitcoin he already had in his possession, and sent it to Malinda101 on May 21, 2021.

  16. On May 22, 2021, C.H., through his relatives, provided FBI with purported receipts for the purchase of Tether coin described above. The receipts appear to show $20,910 dollars sent in exchange for virtual currency. C.H. explained that he was entitled to keep twelve percent (12%) of the transaction as a commission.

  17. FBI advised C.H., through his relatives, that the funds he received were the proceeds of fraud and money laundering, and that any attempt to further access those funds would be considered violations of federal money laundering statutes. As discussed in more detail below, C.H. disregarded FBI's warnings and continued to transfer the tainted funds out of his account.

  18. On May 24, 2021, FBI learned that approximately $5,000 remained in C.H.'s Wells Fargo account ending in **-4200**. Wells Fargo advised FBI that the bank had voluntarily frozen those funds. Wells Fargo further advised that $19,000 in funds had been transferred to C.H.'s Citibank account ending in **-9724**, and that Citibank had

Verified Complaint for Forfeiture *in Rem* - 5
*United States v. $15,550.50 in U.S. Funds and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

voluntarily frozen those funds as well. Funds in the Wells Fargo account had also been depleted via Zelle transfers.

19. Also on May 24, 2021, FBI spoke with a Bank of America representative who advised that, of the $13,900 transferred from C.H.'s Wells Fargo account ending in **-4200** to C.H.'s Bank of America account ending in **-8376**, only $13,436.04 remained, but that pending transactions would reduce that amount by an additional $1,991.67.

20. On May 25, 2021, FBI spoke with a Citibank investigator who advised that the funds deposited into C.H.'s account ending in **-9724** came from two personal checks made out in C.H.'s name, drawn from C.H.'s Wells Fargo account ending in **-4200**.

21. The Citibank investigator further advised FBI that Citibank had voluntarily frozen the remaining funds in account ending in **-9724.**

22. The following represents the balance of and transactions for C.H.'s Citibank account ending in **-9724,** from May 19, 2021, to May 25, 2021:

| May 19, 2021 | End of day balance: $10,102.51 |
| May 20, 2021 | $10,000 check deposited from Wells Fargo account **-4200** |
| May 20, 2021 | $14,000 outgoing wire to Bank of America account **-2346** |
| May 21, 2021 | $9,000 check deposited from Wells Fargo account **-4200** |
| May 21, 2021 | $6,910 outgoing wire to Bank of America account **-2346** |
| May 24, 2021 | $10,000 outgoing wire to Bank of America account **-2346** |
| May 25, 2021 | Beginning of day balance: $15,653.40 |

23. Bank of America account ending in **-2346** is held in the name of M.X.G., a limited liability company organized and existing under the laws of the State of Florida.

24. The May 24, 2021, a $10,000 outgoing wire from C.H.'s Citibank account **-9724** to M.X.G.'s Bank of America account ending in **-2346** occurred the business day immediately following FBI's May 22, 2021, interview of C.H., during which FBI admonished C.H. for his apparent money laundering activity and warned C.H. that further transfer of funds would be considered knowing violations of United States anti-money laundering statutes. The $10,000 wire was the last of three wires to M.X.G.'s Bank of America account ending in **-2346**, which totaled $30,910.

Verified Complaint for Forfeiture *in Rem* - 6
*United States v. $15,550.50 in U.S. Funds and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

25. On May 25, 2021, FBI spoke with a Bank of America investigator who advised that C.H.'s Bank of America account ending in **-8376** had a then-pending balance of $13,916.01; that M.X.G.'s Bank of America account **-2346** had a balance of $46,852.59; and that Bank of America had voluntarily frozen all those funds.

26. The United States applied for seizure warrants for funds in C.H.'s Wells Fargo, Citibank, and Bank of America accounts, and for funds in M.X.G.'s Bank of America account. The United States District Court for the Western District of Washington granted the United States' applications. FBI executed the warrants on the following dates and seized the following amounts:

   a. MC21-05014-DWC, executed on May 26, 2021, for $15,550.50 in United States funds in C.H.'s Citibank account ending in **-9724**;

   b. MC21-05013-DWC, executed on May 27, 2021, for $583.13 in United States funds in C.H.'s Wells Fargo Bank account ending in **-4200**;

   c. MC21-05016-DWC, executed on May 27, 2021, for $13,791.04 in United States funds in C.H.'s Bank of America account ending in **-8376**; and

   d. MC21-05015-DWC, executed on June 29, 2021, for $30,910.00 in United States funds in M.X.G.'s Bank of America account ending in **-2346**.

27. On August 19, 2021, FBI commenced administrative forfeiture of the $30,910.00 in United States funds seized from Bank of America account ending in **-2346**. The period for third parties to submit claims has ended, and no claims were filed.

## V. REQUEST FOR RELIEF

As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. More specifically, there is probable cause to believe that the Defendant Funds are forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) because they represent proceeds from violations of 18 U.S.C. § 1343 (wire fraud) and/or

Verified Complaint for Forfeiture *in Rem* - 7
*United States v. $15,550.50 in U.S. Funds and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

property involved in violations of 18 U.S.C. § 1956(a)(1)(B)(i) (money laundering) and/or 18 U.S.C. § 1956(h) (money laundering conspiracy). Additionally, the Defendant Funds are forfeitable pursuant to 18 U.S.C. § 984 because they constitute funds deposited in an account in a financial institution, which are identical to, and found in the same account as, the property involved in the offense that is the basis for the forfeiture, and because the United States has commenced this action within one year of the offense giving rise to forfeiture.

WHEREFORE, the United States respectfully requests:

1. A warrant issue for the arrest of the Defendant Funds;
2. That due notice be given to all interested parties to appear and show cause why the Defendant Funds should not be forfeited;
3. The Defendant Funds be forfeited to the United States for disposition according to law; and,
4. For such other and further relief as this Court may deem just and proper.

DATED this 2nd day of December, 2021.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

JEHIEL I. BAER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-2242
Jehiel.Baer@usdoj.gov

Verified Complaint for Forfeiture *in Rem* - 8
*United States v. $15,550.50 in U.S. Funds and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## **VERIFICATION**

I, Spencer B. Walker, am a Special Agent with the Federal Bureau of Investigation in Seattle, Washington. I furnished the investigative facts contained in the foregoing Verified Complaint for Forfeiture *in Rem*. The investigative facts are based on personal knowledge I obtained from my involvement in the underlying investigation, my review of the relevant investigative material, other law enforcement officers involved in the investigation, other reliable official government sources, and my own training and experience.

I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem*, that I know its contents, and that the facts it contains are true and correct to the best of my knowledge.

Executed this 29th day of November, 2021.

_____
SPENCER B. WALKER
Special Agent
Federal Bureau of Investigation

Verified Complaint for Forfeiture *in Rem* - 9
United States v. $15,550.50 in U.S. Funds and Any Accrued Interest, et al.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970